**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILFREDO RAMIREZ and
HIRAM GONZALEZ,

     Plaintiffs,
v.                                     CASE NO.:

IMPRO SYNERGIES LLC,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, WILFREDO RAMIREZ ("Plaintiff Ramirez") and HIRAM GONZALEZ ("Plaintiff Gonzalez"), by and through undersigned counsel, bring this action against Defendant, IMPRO SYNERGIES LLC ("Defendant"), and in support of their claims state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Plaintiff Ramirez is a resident of Hillsborough County, Florida.

5. Plaintiff Gonzalez is a resident of Hillsborough County, Florida.

6. Defendant operates an apartment complex in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiffs have satisfied all conditions precedent, or they have been waived.

8. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiffs request a jury trial for all issues so triable.

10. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

16. Plaintiff Ramirez began working for Defendant as a Maintenance Supervisor in July 2012, and he worked in this capacity until January 2018.

17. Plaintiff Gonzalez began working for Defendant as a Maintenance Supervisor in July 2017, and he worked in this capacity until June 2019.

18. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their regular hourly rate.

19. Defendant failed to pay Plaintiffs an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

20. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA OVERTIME VIOLATION

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. During the statutory period, Plaintiffs worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiffs' overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiffs were unlawful, and grant Plaintiffs equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of September, 2019.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

4